UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| Mary M. Cunningham, | ) | Civil Action No.: 1:07-2746-RBH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Aiken Regional Medical Centers, Inc., | ) | |
| Defendant. | ) | |

This action was initiated by the plaintiff in the Court of Common Pleas for Aiken County alleging claims pursuant to the Age Discrimination in Employment Act (ADEA) and "Public Policy Discharge under South Carolina Common Law." The defendant removed the case to this court on the basis of federal question jurisdiction. Discovery in the case has been completed and the defendant has now moved for summary judgment. In her response to the motion, the plaintiff withdrew her claim for age discrimination (Docket Entry #35, page 2) and requested a remand of the case to state court for disposition of the state law claim.

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections

1

have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## **Report and Recommendation**

In his Report and Recommendation filed on June 19, 2009, the Magistrate Judge recommends that the plaintiff's ADEA claim be dismissed; that the defendant's motion for summary judgment be denied on the state law claim; and that the state law claim be remanded to state court for trial. The defendant filed objections to the Report on July 9, 2009. Plaintiff filed a Reply to the objections on July 21, 2009.

## **Objections**

The defendant objects to the recommendation that the motion for summary judgment should be denied on the state law claim and the case remanded to state court. Defendant contends that the motion for summary judgment should be granted on the state law claim or, in the alternative, that the case be set for trial in federal court and not remanded to state court. Regarding the motion for summary judgment, Defendant contends that the plaintiff has failed to show a genuine issue of material fact that she was constructively discharged. Defendant also contends that plaintiff has not alleged that she was instructed by the hospital not to screen or allow stabilizing treatment to anyone presenting at the hospital with an emergency condition. Finally, it asserts that the claim fails as a matter of law because it does not fit "within the narrow construct of South Carolina's public policy exception to the employment-at-will doctrine." (Objections, p. 12).

## **Analysis**

The court may "decline to exercise supplemental jurisdiction over a claim if the district court

has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Additionally, the court may decline to exercise jurisdiction of a state law claim where "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The court must weigh "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id*. The doctrine of supplemental jurisdiction is "a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

The plaintiff's state law claim is brought under a South Carolina common law exception to the employment at will doctrine. In *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E.2d 213 (1985), the South Carolina Supreme Court recognized a cause of action in tort for wrongful discharge in violation of public policy. The state appellate courts have since allowed some cases to go forward and in others have refused to allow such. *See, e.g., Culler v Blue Ridge Elec. Coop.*, 309 S.C. 243, 422 S.E. 2d 91 (1992); *Epps v. Clarendon County*, 304 S.C. 424, 405 S.E. 2d 386 (1991); *Moshtaghi v. The Citadel*, 314 S.C. 316, 443 S.E.2d 915 (1994). As this issue may be a novel issue under state law, this Court finds that the determination of whether the facts presented in the case at bar fit the public policy exception and whether summary judgment should be granted are better left to the state court, now that the federal claims have been dismissed. Therefore, the state law claims are remanded to the Court of Common Pleas for Aiken County and the motion for summary judgment shall remain pending for determination by the state court.

3

**<u>Conclusion</u>**

For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation of the Magistrate Judge as modified, and dismisses the plaintiff's ADEA claim with prejudice. The court remands the plaintiff's state law claim to the Aiken County Court of Common Pleas and leaves Defendant's motion for summary judgment to be considered by the state court.

**AND IT IS SO ORDERED.**

                                       s/ R. Bryan Harwell
                                       R. Bryan Harwell
July 23, 2009                       United States District Court Judge
Florence, SC